UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELISSA SMITH,

                Plaintiff,                         <u>MEMORANDUM AND ORDER</u>

    -against-                               CV 13-4985 (LDW) (AKT)

TOWN OF HEMPSTEAD and MARK BONILLA,

                Defendants.
-------------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Elissa Smith ("Smith") brings this action against defendants Town of Hempstead

("Town") and former Town Clerk Mark Bonilla ("Bonilla"), asserting claims for discrimination,

sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1983, as well as supplemental state law claims

under New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, and for

intentional infliction of emotional distress, negligent infliction of emotional distress, and assault

and battery.  The Town moves to dismiss the complaint under Federal Rules of Civil Procedure

("FRCP") 12(b)(1) and 12(b)(6).


I.  <u>BACKGROUND</u>

      For purposes of this decision, the allegations of the complaint can be summarized as

follows.  Smith commenced her employment with the Town on July 18, 2011 as a Community

Research Assistant in the Town's Clerk's office.  From that date until August 16, 2012, Smith

worked under Bonilla's supervision.  Within two to three weeks after Smith began employment,

Bonilla asked her to accompany him on road trips to events that he was attending.  Smith claims

that Bonilla made comments and advances of a sexual nature toward her and created an

intimidating, hostile, and offensive working environment. Smith alleges, *inter alia*, that Bonilla

inappropriately touched her while they were alone in his car and at various events, and that he

made various comments about her looks. Smith claims that when she rebuffed Bonilla's

unwelcome and offensive advances, she was shunned and ignored in the office, depriving her of

employment opportunities and ultimately leading her to transfer out of the Clerk's office. In that

respect, on August 16, 2012, Smith interviewed for a position in the Town's Parks Department.

That same day, Smith confirmed to a Town human resources employee and a Town attorney that

she had been sexually harassed. Smith was immediately transferred from the Clerk's office to

the Parks Department. Smith claims that although the Town has adopted a sexual harassment

policy, it failed to disseminate the policy to her or other employee's of the Clerk's office and that

she never received sexual harassment training. She further alleges that the Town failed to

properly train and supervise Bonilla regarding sexual harassment in the workplace.

Smith filed a claim of discrimination with the State Division of Human Rights and the

Equal Employment Opportunity Commission. Upon receiving a notice of right to sue, Smith

brought this action.

The Town moves to dismiss on the grounds (1) that Smith was a member of an elected

official's personal staff and, as such, is exempt from coverage under Title VII; (2) that Smith

fails to state a claim under § 1983; and (3) that, upon dismissal of all federal claims, the Court

should dismiss the supplemental state law claims under 28 U.S.C. § 1367(c).

## II.  DISCUSSION

A.  Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).  While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party.  *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011).  However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010).  A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678.  Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In deciding a FRCP 12(b)(1) motion, the court "may refer to evidence outside the pleadings." *Id.*  Notably, "[t]he standard for reviewing a [FRCP]12(b)(1) motion to dismiss is essentially identical to the [FRCP]12(b)(6) standard," except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *Taylor v. New York State Office for People with*

*Developmental Disabilities*, 2014 WL 1202587, slip op. at *3 (N.D.N.Y. Mar. 14, 2014) (quoting

*Makarova*, 201 F.3d at 113).

B.  Title VII Claims

The Town argues that Smith was a member of an elected official's "personal staff" and,

as such, is exempt from coverage under Title VII.  *See, e.g.*, *Bland v. New York*, 263 F. Supp. 2d

526, 535-36 (E.D.N.Y. 2003) (analyzing personal-staff exemption under Title VII).  Smith argues

that she does not fall within the Title VII personal-staff exemption.  Bonilla also opposes this

aspect of the Town's motion.  The parties submit various matter outside of the complaint,

including affidavits of town officials, and cite the Court to various local and state laws

concerning the Town Clerk position and removal thereunder.

Whether an individual is part of an elected official's "personal staff" generally involves a

"highly factual" inquiry that focuses on the "nature and circumstances of the employment

relationship between the complaining individual and the elected official," an inquiry that "does

not lend itself well to disposition by summary judgment."  *Teneyuca v. Bexar County*, 767 F.2d

148, 151-52 (5th Cir. 1985) (internal quotations omitted).  In *Teneyuca*, the Fifth Circuit

identified the following non-exhaustive list of factors for determining whether a plaintiff was a

member of an elected official's personal staff:

> (1) whether the elected official has plenary powers of appointment
> and removal, (2) whether the person in the position at issue is
> personally accountable to only that elected official, (3) whether the
> person in the position at issue represents the elected official in the
> eyes of the public, (4) whether the elected official exercises a
> considerable amount of control over the position, (5) the level of
> the position within the organization's chain of command, and (6)
> the actual intimacy of the working relationship between the elected
> official and the person filling the position.

*Id.* at 151.

There is no dispute that Bonilla is an elected official under Town Law § 20. *See* N.Y. Town Law § 20 (McKinney 2011). Thus, the parties dispute whether Smith is a member of Bonilla's "personal staff" for purposes of the Title VII exemption. Upon review of the allegations of the complaint and the various matter submitted by the parties, the Court finds that a determination of whether Smith falls within the personal-staff exemption cannot be determined as a matter of law and should await further factual development. Accordingly, the motion to dismiss the Title VII claims is denied.

C. Section § 1983 Claims

The Town argues that Smith fails to state a claim under § 1983, maintaining, *inter alia*, that the complaint does not sufficiently allege a custom, policy, or practice of the Town required to impose liability on the Town under § 1983. In response, Smith argues that a custom, policy, or practice may be inferred where "the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). She maintains that the complaint sufficiently alleges the Town's deliberate indifference in that the Town failed to disseminate its sexual harassment policy to Smith or to employees of the Clerk's office or to provide sexual harassment training to Smith.

Sexual harassment in the workplace is neither a rare nor unforeseeable event. A municipality's alleged failure to train employees regarding sexual harassment in the workplace may demonstrate a deliberate indifference to the constitutional rights of those employees. The Court finds that the complaint is sufficient to state a claim that the Town so failed to train Bonilla

and its employees in the Clerk's office regarding sexual harassment in the workplace as to display a deliberate indifference to the constitutional rights of those employees.

The Town also argues that the complaint does not sufficiently state a hostile work environment claim.  The Town maintains that Smith does not allege statements or conduct "so offensive" as to alter the conditions of her employment and create a hostile work environment.  Smith argues that the allegations are sufficient to state a claim for hostile work environment.  *See Linder v. City of New York*, 263 F. Supp. 2d 585, 592 (E.D.N.Y. 2003) ("To establish such a claim under section 1983, plaintiff must show that 1) she was intentionally harassed, 2) the harassment was based on her sex, 3) such actions were taken under color of state law, and 4) the harassment was so severe as to render the work environment hostile to her.); *Mack v. Port Auth. of New York & New Jersey*, 225 F. Supp. 2d 376, 384 (S.D.N.Y. 2002) (for § 1983 hostile work environment claim against municipality, plaintiff must show that it was policy or custom of municipality to maintain hostile work environment or that municipality had policy or custom of deliberate indifference to existence of hostile work environment).  The Court finds that Smith's allegations are sufficient to state that she was subject to a sexually hostile work environment, particularly given her allegations that Bonilla  inappropriately touched her while they were alone in his car and at various events.  Such conduct certainly could alter the conditions of her employment and create a hostile work environment.

Accordingly, the motion to dismiss the § 1983 claims against the Town is denied.

D.  Supplemental State Law Claims

Given the denial of the Town's motion to dismiss Smith's federal claims, the Court denies the request to dismiss the supplemental state law claims under § 1367(c).

III.  <u>CONCLUSION</u>

For the above reasons, the Town's motion to dismiss is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        May 15, 2014